Filed 2/25/25  P. v. Wethern CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>BRIAN PAUL WETHERN,<br><br>     Defendant and Appellant. | A171295<br><br>(Mendocino County Super. Ct. No. 24CR03389) |

Brian Paul Wethern appeals from a conviction of felony vandalism.  His appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), in which he raises no issue and asks this court for an independent review of the record.  Wethern has filed a supplemental brief.[1]

---

[1]  Wethern personally filed an opening brief which this court rejected because counsel had been appointed for him.  He then filed a letter requesting that we relieve his appellate counsel and permit him to represent himself on appeal, along with a brief challenging the trial court proceedings.  We denied the request for self-representation (*Martinez v. Court of Appeal of California, Fourth Appellate Dist.* (2000) 528 U.S. 152 [no right to self-representation on direct appeal]; *People v. Scott* (1998) 64 Cal.App.4th 550, 579 [same]) and stated the brief would be construed as the supplemental brief permitted under *Wende* procedures.

1

We have reviewed the issues raised in Wethern's supplemental brief and find none meritorious. Having examined the entire record in accordance with *Wende*, we agree with counsel that there are no arguable issues requiring further briefing. Accordingly, we affirm.

## BACKGROUND

As described in the probation report and at the preliminary hearing, on December 21, 2023, while working as bailiff at the Ten Mile Branch of Mendocino Superior Court, Sheriff's Deputy Michael Hosford observed Wethern recording the proceeding. Wethern refused to turn off his cell phone at the deputy's request and again after the judge explained the court rules. The judge asked that Wethern be removed from the courtroom. Wethern became agitated when Deputy Hosford asked him to leave and then actively resisted when advised he was under arrest. Hosford and police officer Jared Frank transferred Wethern to a holding cell, where Wethern flushed the toilet and caused flooding in the cell and hallway. He actively resisted when another deputy transferred him to a patrol vehicle. Wethern was booked into jail, then released on a promise to appear.[2]

At about 1:42 a.m. on December 22, 2023, Sheriff's Deputy Braden Rossich observed fresh white spray paint on the building and fence at the Ten Mile Courthouse. Large spray painted letters on the fence said " 'PIG' " and " 'COCK SUCKERS' " and letters on the concrete entryway to the courthouse read " 'H=GAY.' " Rossich believed the latter was directed to Deputy Hosford. The front entry doors and window had been spray painted with white letters reading, " 'FUCK FUCK MCSO.' " Rossich recognized "MCSO" as standing

---

[2] That evening, Wethern was contacted by officers responding to reports of gunshots. This incident was the basis for count 1 of the information, the facts of which are not relevant to this appeal.

2

for "Mendocino County Sheriff's Office."  Near the front windows of the courthouse there were what appeared to be multiple impact marks from a small rock that was found in front of the windows.  The public defender's office window was broken and a rock was later found on the inside ledge of the window.  Later on, the morning of December 22, officers found spray paint on an AT&T box in the Taco Bell parking lot reading " 'Fuck Joe Burden.' "[3]

Security camera footage from December 21, 2023, about 8:42 p.m., showed a male wearing dark clothes[4] and tennis shoes use what appeared to be a rock projectile from a slingshot to impact the window by the courthouse entrance, then continue to throw the rock without the slingshot.  The subject also spray painted the windows and entry doors with white paint.

Wethern was charged by information filed on February 26, 2024,[5] with felony counts of discharging a firearm in a grossly negligent manner (Pen. Code, § 246.3, subd. (a)) (count 1), vandalism (*id.,* § 594, subd. (b)(1)) (counts 2 and 3), and misdemeanor resisting arrest (*id.,* § 148, subd. (a)(1)) (count 4).

Wethern was represented by counsel at arraignment on February 29 and pleaded not guilty.  He then personally filed documents entitled "Affidavit of Disqualification for Appearance [of] Bias," "Affidavit of Truth

---

[3]  It was also discovered that the rear windshield of a patrol vehicle in the police department parking lot had been shattered by a rock that was found on the back seat.  This was the basis for count 3 of the information.

[4]  Officer Frank observed that the jacket worn by the subject in the surveillance footage appeared to be the same as the one Wethern had been wearing during the courtroom incident and when he was contacted by the police that evening about reports of gunshots (see footnote 2, *ante,* p. 2).

[5]  Further references to dates are to the year 2024 except as otherwise specified.

and Assertory Oath, Repudiation and Revocation of Citizenship," and "Affidavit of Services Rendered." Wethern's motion for disqualification was granted on March 26 and the case was thereafter reassigned to a different judge.

On April 9, Wethern filed an "Affidavit of Rebuttal of Verified Complaint." On April 30, he signed and filed a written advisement and waiver of his right to counsel (*Faretta*[6] waiver), and the court found him competent to represent himself and relieved appointed counsel.

On May 29, Wethern entered a plea of no contest to count 2, vandalism of the courthouse, in exchange for two years of formal probation and dismissal of the remaining charges in this case as well as a pending infraction case and another misdemeanor case.

On June 11, Wethern filed a motion to dismiss for lack of jurisdiction and violation of constitutional rights and a motion to revoke his plea and transfer the case to "an Article III court." On July 3, he filed an "Affidavit of Reservation of Rights."

At the sentencing hearing on July 9, the court denied Wethern's motions and placed him on two years' formal probation.

## DISCUSSION

### I.

### *Wende Review*

Pursuant to *Wende*, we are required "to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous." (*Wende, supra,* 25 Cal.3d at p. 441; *Anders v. California* (1967) 386 U.S. 738.)

---

[6] *Faretta v. California* (1975) 422 U.S. 806.

4

At the hearing on April 30, 2024, the court advised Wethern of the risks and disadvantages of representing himself, explained the charges and potential sentence he faced, and recommended that he accept a court-appointed attorney. Wethern said he understood, had no questions and wanted to represent himself. He also acknowledged that he had reviewed the detailed written *Faretta* waiver he signed and said he had no questions about it. The record supports the court's conclusion that Wethern was competent to make this choice and made a knowing and intelligent waiver.

At the hearing on May 29, the court stated the terms of the proposed plea agreement and the prosecutor explained to Wethern that there might be a restitution hearing in the future and what that would entail. The court confirmed that Wethern wished to resolve his cases in accordance with the plea agreement; had had sufficient time to consider the "charges and discovery" and to carefully read the plea form he had signed, understood them and did not have questions; and had not received threats or additional promises to induce his plea. The court listed the trial rights Wethern was giving up and Wethern stated that he understood and gave them up. When the court asked if he understood that he would not be permitted to own or possess a firearm or ammunition, Wethern asked questions about potential changes in the law on this point and steps he might take in the future; the court stated it was applying current law and could not give him legal advice; and Wethern confirmed that he understood. Wethern then pleaded no contest to felony vandalism and stipulated that there was a factual basis for the plea. The court accepted the plea, finding Wethern had expressly, knowingly and intelligently waived his rights, made the plea freely and voluntarily, and understood the nature and consequences of the plea.

Wethern's dismissal motion argued that the prosecution violated his Sixth Amendment rights and that the court lacked jurisdiction; his revocation motion asserted without elaboration that the circumstances of the plea did not afford him a "full understanding of [his] rights and the implications of [his] actions" and sought transfer of the case to an Article III court. Both motions cited *Marbury v. Madison* (1803) 5 U.S. 137. At the sentencing hearing, when the court gave Wethern an opportunity to address his motions, he stated that he had no further argument. The trial court denied the motions, explaining that *Marbury v. Madison* was inapplicable as there was no federal question and finding Wethern had not shown good cause why the plea should be withdrawn.

The court sentenced Wethern in accordance with the plea agreement and stated the conditions of probation. Wethern initially replied "no" when the court asked whether he accepted probation under these terms, and the court advised him that he would be sentenced for the felony without probation if he did not sign the form accepting probation. Wethern signed the order of formal probation, confirming he fully understood the requirements and agreed to abide by the conditions and requirements of the order.

Our review of the record reveals no arguable issues requiring further briefing.

## II.

### *Supplemental Brief*

Wethern's brief makes a number of arguments, many of which are not comprehensible. He states that his main arguments are that he "has the freedom to act in the matter of redressing his government," the police officers and sheriff's deputies "should reread the constitution" they swore to protect and serve, and "there was no injured party." Wethern additionally asserts

6

that the trial judge "has financial obligations held to the court, showing bias"; that legislators have authority only to "control the behavior of bureaucrats, elected and appointed officials, municipalities and agencies," not "to control the behavior of the people,"[7] that unconstitutional laws cannot be enforced; that no video evidence was submitted showing damage was done to the courthouse, there is no injured party and jailing him without video evidence of a crime violated his constitutional rights; and that "[n]o Corporation has jurisdiction over a natural man" and the government "can interface ONLY with artificial persons."

Wethern's argument that the trial court lacked jurisdiction over his criminal prosecution is baseless and, not surprisingly, he cites no authority for it. He does not explain the basis for his contentions that there was no video evidence of a crime being committed, no injured party and no "tangible harm, loss or injury to a person or property."[8] There was ample evidence of

---

[7] The authorities Wethern purports to rely on for his arguments that he cannot be bound by the law do not support the points for which they are cited. For example, a quotation attributed to *Rodrigues v. Donovan* (1985) 769 F.2d 1344, 1348 [" 'All codes, rules, and regulations are for government authorities only, not human/creators in accordance with God's law. All codes, rules and regulations are unconstitutional and lacking due process . . .' "] does not appear in that case—or in any other case found in our research. Wethern provides no citation for a quotation he attributes to the United States Supreme Court: " ' . . . every man is independent of all laws, except those prescribed by nature. He is not bound by any institutions formed by his fellow-men without his consent.' " According to our research, this language appears in *Cruden v. Neale* (1796) 2 N.C. 338—but not in the court's opinion, only in the summary of plaintiff's counsel's argument, which maintained that the principle of majority rule "is a rule posterior to the formation of government, and results from it[,]" and is not "binding upon mankind in their natural state." (*Id.* at pp. 338-339.)

[8] *Sherar v. Cullen* (9th Cir. 1975) 481 F.2d 945, which Wethern cites in support of these claims, is inapposite. *Sherar* involved an Internal Revenue Service agent who was discharged for refusing to furnish records for a

damage, including officers' testimony about their observations of the broken and damaged windows and graffiti, photographs, and video footage showing graffiti being spray painted on the courthouse windows and doors and rocks being thrown at the window that was later found to be have impact marks nearby. Wethern's argument that the Legislature lacks authority to make laws that violate the constitution states an established principle, but his brief does not connect the principle to this case; to the extent he is suggesting the vandalism statute is unconstitutional, he offers no authority for the argument.

It is an appellant's burden to affirmatively demonstrate error. (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549.) Points not supported by reasoned argument and analysis are insufficient to meet this burden. (*People v. Clayburg* (2012) 211 Cal.App.4th 86, 93.)

## DISPOSITION

The judgment is affirmed.

---

personal tax audit he claimed was unwarranted and unreasonable, and held that the dismissal was improper absent a prior judicial determination of whether the audit demand was unreasonable and unwarranted. (*Id.* at pp. 946, 948.)

                                              _____
                                              STEWART, P.J.


We concur.


_____
RICHMAN, J.


_____
MILLER, J.


*People v. Wethern* (A171295)